STATE OF WEST VIRGINIA

**Roger Neil Reed,**
**Petitioner Below, Petitioner**

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0789** (Upshur County 11-C-55)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Roger Reed, by counsel Hunter D. Simmons, appeals the May 30, 2012 order of the Circuit Court of Upshur County denying his petition for writ of habeas corpus. Respondent Ballard, by counsel, has filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2009, petitioner was sentenced to thirty-five years of incarceration for the crime of sexual assault in the first degree and a concurrent term of incarceration of three to ten years for the crime of abduction with intent to defile. Sentence was imposed after petitioner pled guilty pursuant to a plea agreement whereby the State agreed to dismiss two other counts of first degree sexual assault, one count of kidnapping, and one count of nighttime burglary. The State also agreed to refrain from filing a recidivist information against petitioner, though this language was stricken from the written plea agreement and all parties initialed next to the correction, including petitioner. It is uncontested that, despite this alteration, the State did not seek a recidivist proceeding against petitioner. In June of 2011, petitioner filed a petition for writ of habeas corpus, which the circuit court denied after holding an omnibus hearing.

On appeal, petitioner alleges that the circuit court erred in denying him habeas relief because his guilty plea was not entered into knowingly, intelligently, and voluntarily. According to petitioner, he initialed the plea agreement next to the paragraph relating to the Habitual Criminal Offender Act, but that language was stricken after he signed it. Petitioner argues that he would not have entered a guilty plea if he had known this part of the agreement was going to be stricken and his belief that the State could not seek recidivist proceedings against him was a major factor in inducing his plea. Respondent argues that the circuit court's findings of fact in regard to petitioner's plea agreement being given knowingly, intelligently, and voluntarily must be taken as true because petitioner did not take exception to them. Further, the testimony from petitioner's

1

trial attorneys and his mother clearly established that the plea agreement document was executed before petitioner represented to the circuit court that he wished to enter guilty pleas. Most importantly, respondent argues that the State never sought a recidivist proceeding against petitioner and is, in fact, now time-barred from doing so.

This Court has previously held that

> [i]n reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). After careful consideration of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in denying the petition for writ of habeas corpus. Having reviewed the circuit court's "Order Following Hearing On Petition For Writ Of Habeas Corpus" entered on May 30, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we find no error in the decision of the circuit court and its May 30, 2012 order denying the petition for writ of habeas corpus is affirmed.

Affirmed.

**ISSUED:** April 16, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

received
6-01-12

12-0789

# IN THE CIRCUIT COURT OF UPSHUR COUNTY, WEST VIRGINIA

**ROGER NEIL REED,**
      **PETITIONER,**

      **VS.**               **CASE NO. 11-C-55**

**DAVID BALLARD, Warden, M.O.C.C.,**
      **RESPONDENT.**

## ORDER FOLLOWING HEARING
## ON PETITION FOR WRIT OF HABEAS CORPUS

On the 1st day of May, 2012, came the Petitioner, Roger Neil Reed, in person and by his

counsel, Hunter D. Simmons, and also came the Respondent, David Ballard, Warden, Mount

Olive Correctional Center, by Jacob E. Reger, Prosecuting Attorney in and for Upshur County,

West Virginia.

Thereupon, the Petitioner's attorney and the Court advised the Petitioner that all issues

which are waiver on the <u>Losh vs. McKenzie</u> checklist cannot be henceforth raised in subsequent

habeas corpus proceedings, and at the conclusion of said admonishment, the Petitioner stated to

the Court that he fully understood that all waived issues could not be hereafter raised in

subsequent habeas corpus proceedings, and that all issues that the Petitioner intended to raise are

contained in his Petition.

Thereupon, the Court finds and concludes as a matter of law and fact, that all issues not

raised in the Petitioner's current Petition for Writ of Habeas Corpus be and the same are hereby

expressly waived and may not be raised in any subsequent habeas corpus proceeding.

Thereupon, the Court heard the testimony of the Petitioner, Roger Neil Reed, Dennis J. Willett, Steven B. Nanners and Jerry Reed in support of the Petition and Respondent, by and through counsel, elicited testimony from each witness in opposition to the Petitioner's petition. Thereupon, the Court made the following findings:

1. That on the 8th day of September, 2008, an Upshur County Grand Jury indicted the Petitioner on charges of Kidnaping, three counts of Sexual Assault in the First Degree, and Nighttime Burglary, all of which are felonies.

2. That on the 15th day of May, 2009, after plea negotiations between the State of West Virginia and the Defendant's counsel, Steven B. Nanners and Dennis J. Willett, the Defendant, Roger Neil Reed, entered into a plea agreement wherein the Defendant was to plead guilty to one (1) count of Sexual Assault in the First Degree and to Abduction with Intent to Defile.

3. That on the 15th day of May, 2009, the Defendant plead guilty to one (1) count of First Degree Sexual Assault and through an Information filed with the Court the Defendant plead guilty to the offense of Abduction With Intent to Defile.

4. That on the 15th day of May, 2009, in accordance with the plea agreement the Defendant was sentenced to fifteen (15) to thirty-five (35) years in the penitentiary on his conviction for First Degree Sexual Assault and to three (3) to ten (10) years in the penitentiary on his conviction for Abduction With Intent to Defile. In accordance with the plea agreement the Court ran the sentence for the Defendant's conviction for Abduction With Intent to Defile concurrent with the Defendant's sentence for his conviction for First Degree Sexual Assault.

5. That at the time the Defendant entered his pleas on both charges the Defendant filed with the Court a Petition to Enter a Plea of Guilty and a written plea of guilty to both charges.

6. That prior to the Defendant entering his pleas the Court went over the plea agreement with the Defendant in open Court and the Defendant informed the Court that he understood the plea agreement and requested that the Court accept the plea agreement.

7. That the Court went to great lengths to explain to the Petitioner his rights, the plea agreement and the possible consequences of his plea.

8. That the Court finds that the Petitioner's plea of guilty to First Degree Sexual Assault and Abduction with Intent to Defile was given knowingly, intelligently and voluntarily.

9. That when the Court questioned the Defendant, prior to entering his plea, if he was satisfied with his attorneys' representation he responded "yes sir".

10. That when the Court questioned the Defendant, prior to him entering his plea, if there was anything he wanted his attorneys to do which they had failed to do he responded "no sir".

11. That the Petitioner had two (2) attorneys representing him that were competent, effective and negotiated a good plea agreement for the Petitioner.

12. That although the language concerning the State not invoking the Habitual Criminal Statute was stricken from the written plea agreement with all parties

3

initialing the line stricken, the State did not invoke the Habitual Criminal Statute against the Petitioner.

13. That the Petitioner sentence of fifteen (15) to thirty-five (35) years on his conviction for First Degree Sexual Assault and his sentence of three (3) to ten (10) years on his conviction for Abduction With Intent to Defile, to run concurrently with each other, is not excessive and is the appropriate sentence as set forth by law.

Based upon the Court's findings as set forth above, it is accordingly ADJUDGED and ORDERED that the Petitioner's Petition under Chapter 53, Article 4A, Section 1 of the West Virginia Code filed herein, is denied and overruled, and Petitioner's objection and exception to the ruling of the Court is duly noted.

It is further ADJUDGED and ORDERED that the Petitioner herein be and he is hereby remanded into the custody of the Sheriff of Upshur County, West Virginia, to be returned to the custody of the West Virginia Division of Corrections to continue serving the sentence heretofore imposed upon him in Case Nos. 08-F-55 and 09-F-63.

It is further ADJUDGED and ORDERED that the Clerk of this Court make and prepare certified copies of this Order and transmit the same to the following parties:

1. Jacob E. Reger, Prosecuting Attorney, 38 W. Main St, Buckhannon, WV 26201;

2. Hunter D. Simmons, Counsel for Defendant, 27 W. Main St, Buckhannon, WV 26201;

3. Upshur County Sheriff's Department, 38 W. Main St, Buckhannon, WV 26201;

4. WV Division of Corrections, 1409 Greenbrier Street, Charleston, WV 25311;

4

5. Mount Olive Correctional Center, 1 Mountainside Way, Mt. Olive, WV 25185.

which copies shall constitute adequate, sufficient and legal notice of all matters had and taken herein.

ORDER ENTERED: *May 30, 2012*

_____
Judge of the Circuit Court
of Upshur County, West Virginia

ATTEST: A true copy from the records located in the office of the Clerk of the Circuit Court of Upshur County, West Virginia.

Given under my hand 5/30/12

BRIAN P. GAUDET, CLERK

By _____
Deputy Clerk

ENTERED 5/30/12
BOOK
PAGE

5